```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROGER BRYANT, SR., | Civil No. 15-5691 (NLH/AMD) |
| Plaintiff, | |
| v. | OPINION |
| DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant. | |

**APPEARANCES**:

ROGER BRYANT, SR.
420 WHITE HORSE PIKE
APT 21B
MAGNOLIA, NJ 08049
    Appearing pro se

FRANCES C. BAJADA
OFFICE OF THE U.S. ATTORNEY
970 BROAD STREET
NEWARK, NJ 07102
    On behalf of defendant

**HILLMAN, District Judge**

Presently before the Court is the motion of defendant to dismiss plaintiff's complaint for lack of subject matter jurisdiction. For the reasons expressed below, defendant's motion will be granted.

                    BACKGROUND

Plaintiff, Roger Bryant, Sr., appearing pro se, seeks judicial review of a reduction in his pension benefits from $1,054.00 to $606.00 and then to $217.00 monthly made by the

Department of Veterans Affairs ("VA").  Plaintiff claims that as a result of these reductions, he was unable to pay rent and was evicted from his home and became homeless in June 2015.  He claims that he lost everything that he owned and was unable to pay for needed medical care.  Plaintiff further claims that the VA acknowledged that it had made a mistake in cutting his pension benefits, and he states that he wants the VA held liable for its mistake and for causing him to suffer severe mental stress.

Plaintiff has attached to his complaint a Statement in Support of Claim dated June 24, 2015, VA Form 21-4138, in which he further explains that he received no warning prior to the reduction of his pension benefits.  Plaintiff states that he disagrees with the overpayment calculation, and that he requested a waiver and appeal of the decision to cut his benefits.  Plaintiff claims that he met with Ryan Hector from the VA, who told him that the VA mistakenly reduced his pension benefits by the amount of income he received from another source.

Plaintiff alleges violations of his constitutional rights, due process of the law and equal rights.  He seeks $100,000,000.00 for cruel and unusual punishment.  Defendant, the Department of Veterans Affairs, has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Plaintiff has opposed defendant's motion.

## DISCUSSION

Plaintiff is a disabled Vietnam veteran who served in the United States Air Force, and he was "prepared to give his life" and "never surrender." (Docket No. 20 at 2.) Plaintiff feels that he has been treated like he is in "a third world dictatorship with no rights or benefits." (Id.) He asks this Court to hold the VA accountable for how the VA has treated him.

The Court does not question, and thanks plaintiff for, his service to his county, and accepts as true the allegations in his complaint. The Court, however, does not have jurisdiction to hear his case.

By statute, the Secretary of Veteran Affairs is granted authority to decide all VA determinations affecting the provision of benefits. Hamilton v. Prudential Ins. Co. of Am., 18 F. Supp. 3d 571, 577 (D.N.J. 2014). The Secretary's decisions are considered "final and conclusive" and may not be reviewed by "any official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511. Courts have recognized that a challenge to an individual VA benefits proceeding is beyond the jurisdiction of the federal courts, even when the challenge is constitutional in nature. Id. (citing Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1023-26 (9th Cir. 2012), cert. denied, --- U.S. ----, 133

S. Ct. 840, 184 L. Ed. 2d 653 (2013) (discussing survey of circuits)); see also Fleming v. U.S. Veterans Admin. Med. Centers, 348 F. App'x 737, 738-39 (3d Cir. 2009) (citing 38 U.S.C. § 7105(a); 38 U.S.C. § 7252(a)) (explaining that a veteran must seek review within the agency by filing a notice of disagreement with the Board of Veterans Appeals; an appeal from the decision of the Board can only be taken to the Court of Appeals for Veterans Claims, which has exclusive jurisdiction over appeals from decisions of the Board of Veterans' Appeals); 38 U.S.C. § 7292(c) (the Federal Circuit has exclusive jurisdiction over appeals from the Court of Appeals for Veterans Claims).

In this case, plaintiff must exhaust his administrative remedies and appeal the VA's determination regarding his benefits through the proper administrative procedure, or if he has already done so, pursue his claims with the Federal Circuit. This Court is not the proper forum for plaintiff's case, and it must therefore be dismissed with prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(1); Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 357-58 (3d Cir. 2014) (explaining that a facial attack to subject matter jurisdiction considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because a jurisdictional defect is present); U.S. ex rel.

4

Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 516-17 (3d Cir. 2007) (dismissals based on subject matter jurisdiction should be understood as being on the merits, and re-pleading is futile because the legal inadequacy cannot be solved by providing a better factual account of the alleged claim). The Court expresses no view about the merits of plaintiff's claims that his benefits were improperly reduced, and plaintiff is not precluded from pursuing any available administrative or judicial review as outlined above.

    An appropriate Order will be entered.

Date:   April 28, 2016           s/ Noel L. Hillman  
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.